# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| ARIZONA HALL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-291 CDP |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $12.75. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court has conducted an initial review of the complaint and finds that it is unclear whether plaintiff intended for this action to be filed as a civil action under 42 U.S.C. § 1983 or as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Plaintiff will be required to submit an amended complaint clarifying his § 1983 claims in this action and amending his request for relief under § 1983. If plaintiff wishes to pursue his § 2254 claims, he will be asked to file a separate action in this Court.[1]

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or

---

[1]Because there are consequences to plaintiff if the Court simply reclassifies the instant action as one brought pursuant to 28 U.S.C. § 2254, the Court will afford plaintiff the opportunity to decide whether he wishes to pursue his claims in a separate action brought under § 2254. *See Morales v. United States*, 304 F.3d 764, 765 (8th Cir. 2002). The Court notes that plaintiff has filed a prior habeas corpus petition in this Court as a pretrial detainee, pursuant to 28 U.S.C. § 2241. *See Hall v. Edwards*, 4:13CV556 SNLJ (TIA) (E.D.Mo. 2013).

her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $63.75, and an average monthly balance of $30.24. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $12.75, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

### The Complaint

In the body of plaintiff's complaint, he alleges that the Circuit Court for the City of St. Louis erroneously revoked his bond and issued a warrant for his arrest based on perjured testimony and without a bond revocation hearing, and increased the bond amount based on this alleged false testimony.

Specifically, plaintiff refers to two cases in which he was criminally prosecuted in the City of St. Louis, for domestic assault in the second degree, *see State v. Hall*, Case No. 0922-CR01820-01 (21st Judicial Circuit)[2], and for four counts of unlawful possession of a firearm, *see State v. Hall*, Case No. 1022-CR04975-01 (21st Judicial Circuit)[3]. Plaintiff states broadly that he was deprived of his due process and maliciously prosecuted by defendants Jennifer Matthew, Thomas Dudash, Margarete Neill and Michael Mullen, "based on his race and color," in

---

[2]After a jury trial, plaintiff was found guilty and sentenced, on October 3, 2013, to ten years' imprisonment in the Missouri Department of Corrections.

[3]After a jury trial, plaintiff was found guilty and sentenced, on December 2, 2013, to ten years' imprisonment in the Missouri Department of Corrections. However, upon reversal and remand for resentencing, petitioner's sentence was changed so as not to include the enhancement for "persistent offenders." On October 16, 2015, petitioner was sentenced to seven years on counts one and two, to run concurrent with one another, and he was sentenced to three years each on counts three and four, also to run concurrent with each other, but consecutive to counts one and two.

retaliation for an incident involving his two sons and nephew that resulted in the death of a "Caucasian woman."

Plaintiff also asserts that he lacked effective assistance of defense counsel in his criminal cases, by defendants Eric Selig and Gilbert Sison, whom he believes "conspired" with state officials to assist in the criminal cases brought against him. Plaintiff brings several claims attacking the validity of his criminal convictions.[4]

For example, plaintiff asserts that: (1) he received ineffective assistance of counsel in a variety of ways from Selig and Sison; (2) the indictment filed in the domestic assault case was defective, as was the verdict director used in that case; (3) the prosecutors failed to prove each element of domestic assault to the jury; (4) the indictment and sentence provided to plaintiff in the unlawful possession of a firearm case was improper; (5) the prosecutors relied on perjured testimony from the victim to revoke plaintiff's bond and issue a warrant for his arrest; (6) the prosecutors unlawfully issued a detainer on plaintiff and extradited him from the State of Mississippi based on a jurisdictionally flawed indictment signed by the Governor of the State of Missouri; (7) Judge Stephen Limbaugh, Jr. and Judge Terry Adelman were biased when they denied plaintiff habeas corpus in his prior § 2241 proceeding in this Court; (8) the State of Missouri has denied him his Second Amendment right to bear arms after he has served his criminal sentence of imprisonment; and (9) the State of Missouri erred in finding plaintiff a persistent offender and enhancing his sentencing as a result.

---

[4] These claims are more appropriately brought in habeas corpus, pursuant to 28 U.S.C. § 2254.

In his request for relief, plaintiff requests that this court "vacate" and "expunge" his record and "render a settlement" to "civil rights violations."[5]  Plaintiff also seeks habeas corpus relief and $1.5 million dollars in damages for each violation of his civil rights.

## Discussion

Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials.  But these statutes differ in both scope and operation.

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action.  Often, the Court looks to the relief requested by plaintiff to see what type of action he is seeking.  If plaintiff is seeking money damages for civil rights violations relating to his conditions of confinement, the case is most likely a § 1983 action.  However, if plaintiff is seeking to expunge or vacate his conviction, the action is most likely one brought pursuant to habeas corpus, or § 2254.

In this case, plaintiff is seeking both money damages and to vacate and expunge his conviction.  This appears to be a "hybrid" action of some sort, where plaintiff is seeking both relief under 42 U.S.C. § 1983, as well as under 28 U.S.C. § 2254.  The Court will not allow plaintiff to proceed under both statutes simultaneously in one action.  If he wishes to bring both

---

[5] Plaintiff has brought two separate motions for injunctive relief seeking to vacate his criminal conviction and to expunge his state record. This Court is not a court of appeal for state court criminal convictions.  Particularly, these matters cannot be brought before this Court within a § 1983 action. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996).  "Review of state court decisions may be had only in the Supreme Court." *Id.* As a consequence the Court will deny plaintiff's motions for injunctive relief, without prejudice.

actions in this Court, he must file two separate actions, seeking separate relief under the two different statutes.

As plaintiff originally filed the present action pursuant to 42 U.S.C. § 1983, the Court will presume plaintiff wishes to continue to proceed in this action under § 1983 and allow plaintiff to amend his complaint to include all of the claims and all of the defendants he wishes to include in this matter. All claims in this action must be included in one, centralized complaint form. Plaintiff must follow the Court's instructions relating to the filing of his second amended complaint, as set forth below, or he will face dismissal of his action, without prejudice.

Plaintiff is required to submit his second amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.[6]

Plaintiff must also clearly state the defendants which he is pursuing allegations against, and he must articulate, for each of those defendants, the factual circumstances surrounding their alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in their dismissal from this case. Plaintiff should also articulate in what capacity he is bringing claims against defendants, whether it is in their official or

---

[6] Many of the § 1983 damage claims plaintiff is currently asserting against defendants are barred by the *Heck* doctrine. A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

individual capacities or both. *See Monell v. Department of Social Services,* 436 U.S. 658, 690-91 (1978).

Plaintiff shall have thirty (30) days from the date of this Order to file his second amended complaint. Plaintiff is warned that the filing of the second amended complaint **completely replaces** the original and amended complaints, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his second amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

After the filing of plaintiff's second amended complaint, the Court will review the second amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Furthermore, the Court will provide plaintiff with a § 2254 form, in case he wishes to file a separate action in this Court for habeas corpus relief and the jurisdictional requirements under the statute are met.[7] *See, e.g., Morales v. United States,* 304 F.3d 764, 767 (8th Cir. 2002). Plaintiff is warned that if files a motion under § 2254, any future § 2254 motions will be subject to the restrictions on filing second or successive motions. That is, plaintiff will not be permitted to bring a second or successive § 2254 motion unless the United States Court of Appeals for the Eighth Circuit certifies that the second or successive motion meets the requirements set forth in 28 U.S.C. § 2244(b)(3)(A). Furthermore, plaintiff is warned that § 2254 motions are subject to a one-year limitations period. *See* 28 U.S.C.§ 2244(d).

---

[7] Plaintiff should be aware that in order to bring his habeas action pursuant to § 2254 before this Court, he must have exhausted his state court remedies prior to doing so. *See Frederickson v. Wood,* 87 F.3d 244, 245 (8th Cir. 1996).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $12.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff a copy of the Court's Prisoner Civil Rights Complaint Form.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a form petition for filing a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that plaintiff's motions for summary judgment and for judgment on the pleadings [Doc. #6 and #8] are **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff's motions for temporary injunctive relief [Doc. #5 and #6] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than thirty (30) days from the date of this Order**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, it will be subject to review under 28 U.S.C. § 1915.

Dated this 9th day of September, 2016.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE