## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ARIZONA HALL, JR.,            )
                          )
          Plaintiff,       )
                          )
      v.                 )       No. 4:16-CV-291 CDP
                          )
STATE OF MISSOURI, et al.,   )
                          )
         Defendants.    )

## MEMORANDUM AND ORDER

This matter is before me on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Having reviewed the complaint, I find that it must be dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Discussion**

Plaintiff alleges that defendants, who are judges, prosecutors, and private defense attorneys, conspired to convict him of second-degree domestic assault and four counts of unlawful possession of a firearm because they are white and he is black. *See Missouri v. Hall*, No. 0922-CR01820-01 (City of St. Louis) (assault); *Missouri v. Hall*, No. 1022-CR04975-01 (firearms). Plaintiff also claims that I am prejudiced against him because of my race. His claims are entirely conclusory and are unsupported by facts.

Plaintiff attempts to sue entities and persons who cannot be held liable under § 1983. *See Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (judicial immunity); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecutorial immunity); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (action against State barred by sovereign immunity). Moreover, private actors, such as defense attorneys, are not subject to § 1983 liability.

Additionally, a plaintiff may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Plaintiff is attempting to call into question the validity of both of his convictions. So, his claims are *Heck*-barred.

Finally, a complaint may be dismissed as malicious where it "was not [intended] to rectify any cognizable harm, but only to harass and disparage" the defendants. *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir.1999) (dismissing complaint against judges and federal prosecutor who obtained conviction against the plaintiff as frivolous and malicious). In this case, it is clear from the tone and the nature of the allegations that plaintiff is intending to vex and disparage

both the defendants and the Court. Therefore, this action is malicious, and I will dismiss it with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [12] is denied.

An Order of Dismissal will be filed forthwith.

Dated this 4th day of January, 2017.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE