# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ARIZONA HALL, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16-CV-291 CDP |
| STATE OF MISSOURI, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This closed case is before the Court on review of the file. On August 23, 2018, pro se plaintiff Arizona Hall, Jr. filed a document titled "Plaintiff's Amended Civil Rights Complaint," which I will construe as a Motion for Leave to File a Second Amended Civil Rights Complaint. For the following reasons, I will deny the motion.

On January 4, 2017, I dismissed this pro se § 1983 civil rights action with prejudice as being malicious. *See* ECF No. 17. In addition to my finding of maliciousness, plaintiff had attempted to sue entities and persons who cannot be held liable under § 1983. *See id.* (citing cases barring actions based on judicial immunity, prosecutorial immunity, and sovereign immunity). Furthermore, because a judgment in this § 1983 case would have necessarily implied the invalidity of plaintiff's criminal conviction, I found this § 1983 action *Heck* barred. *Id.* Plaintiff appealed my ruling, and the Eight Circuit Court of Appeals summarily affirmed my dismissal in a judgment dated June 1, 2017. *See* ECF No. 28.

Initially when plaintiff had filed this case, he had sought relief under § 1983 and had added claims seeking habeas corpus relief under 28 U.S.C. § 2254. In a Memorandum and Order dated September 9, 2016, I instructed plaintiff to file an amended complaint raising only his § 1983 civil rights claims, and directed the court clerk to send plaintiff a § 2254 form to use if he

wished to file a separate habeas corpus petition. *See* ECF No. 10. Pursuant to my instructions, plaintiff filed an amended complaint in this case (*see* ECF No. 11), and filed a separate § 2254 action, which was captioned *Hall v. State of Missouri*, 4:16-CV-1528 AGF (E.D. Mo. filed Sept. 26, 2016) ("§ 2254 Action"). It is this amended complaint, docketed on September 26, 2016, that I dismissed with prejudice as being malicious.

Based on plaintiff's cover letter dated August 20, 2018 accompanying his newly-filed "Plaintiff's Amended Civil Rights Complaint," plaintiff is attempting for a second time to file an amended compliant based on my instructions in my Memorandum and Order dated September 9, 2016. He attaches to his cover letter an "Amended Civil Rights Complaint" dated March 26, 2018, which he had captioned with this case's number. When the Clerk's Office received this "Amended Civil Rights Complaint" on March 26, 2018, it noted that this case had been dismissed with prejudice on January 4, 2017, and affirmed on appeal June 1, 2017. Because this case was closed, the Clerk's Office changed the case number on the caption of plaintiff's "Amended Civil Rights Complaint" dated March 26, 2018 to that of plaintiff's open and pending § 2254 Action, 4:16-CV-1528 AGF, and filed it in that § 2254 Action. *See* § 2254 Action, ECF No. 52.

Now, plaintiff alleges that "Amended Civil Rights Complaint" dated March 26, 2018 should have been filed, as he had captioned it, in this closed § 1983 civil rights action and not in his then-open § 2254 Action. *See* ECF No. 31-1 (plaintiff's cover letter). He attaches to his cover letter dated August 20, 2018 another "Plaintiff's Amended Civil Rights Complaint" dated August 23, 2018, which the Clerk of Court has filed in this closed case at Docket Number 31.

I will construe this document, "Plaintiff's Amended Civil Rights Complaint" docketed August 23, 2018 (ECF No. 31), as a Motion for Leave to File a Second Amended Civil Rights Complaint, and will deny the motion. I dismissed this action with prejudice on January 4, 2017;

the Eighth Circuit Court of Appeals summarily affirmed my dismissal on June 1, 2017. This case is closed. Plaintiff will not be granted leave to reopen it by filing another amended complaint. Plaintiff's explanation that he attempted to file an amended complaint in this case on March 26, 2018 (after it was already closed), and that the Clerk's Office docketed that amended complaint in his § 2254 Action (which was open), is of no consequence.

Accordingly,

**IT IS HEREBY ORDERED** that "Plaintiff's Amended Civil Rights Complaint" filed on August 23, 2018, which I construe as a Motion for Leave to File a Second Amended Complaint is **DENIED**. [ECF NO. 31]

Dated this 27th day of August, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE